IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERENCE OLSEN ISOM,<br><br>            Plaintiff,<br><br>vs.<br><br>NEAL WAGATSUMA; PAUL LEMKE,<br><br>            Defendants. | CIV. NO. 16-00532 JMS-KJM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

**I. INTRODUCTION**

On September 26, 2016, pro se Plaintiff Terence O. Isom ("Plaintiff") filed a prisoner civil rights Complaint against Defendants Kauai Community Correctional Center ("KCCC") Warden Neal Wagatsuma ("Wagatsuma") and KCCC Adult Correctional Officer ("ACO") Paul Lemke ("Lemke") (collectively, "Defendants") in both their official and individual capacities, alleging claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional right to "personal correspondence." ECF No. 1. Before the court is Defendants' Motion for Judgment on the Pleadings. ECF No. 22. For the reasons set forth below, the Motion is GRANTED, and the Complaint is DISMISSED with leave to amend.

## II. BACKGROUND

Based on allegations in the Complaint and state-court records, of which the court takes judicial notice,[1] the court sets forth the following facts. Plaintiff was arrested on May 30, 2016, for multiple offenses. *See* Hawaii State Judiciary Information Management System eCourt Kokua ("eCourt Kokua"), http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (last visited Sept. 13, 2017). On January 18, 2017, the state court sentenced Plaintiff to a one-year term of incarceration and a separate eighteen-month term of incarceration, to be served concurrently and with credit for time served. *Id.* In addition, the court imposed two concurrent four-year terms of "hope probation." *Id.* Conditions imposed by the court include that if, after serving a period of nine months incarceration, Plaintiff is accepted into an in-patient substance-abuse treatment program, he may be released to that program. *Id.* If Plaintiff fails to complete the program, he must return to KCCC to serve the remainder of his sentence. *Id.* If Plaintiff completes the program, he must return to KCCC to serve the remainder of his sentence unless his attorney petitions the state court to modify probation to excuse the remaining jail time. *Id.*

---

[1] The court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted).

While incarcerated at KCCC, Plaintiff submitted the names of his girlfriend, Kimberly Oakes, and her sister, Kristen Oakes, to be included on his approved correspondence list. Compl. at 5. Plaintiff wrote letters to each of them, and they wrote letters to him. *Id.* The Complaint alleges that "[t]he facility would not send my letters stating that both Kim and Kristen were co-defendants in my upcoming case." *Id.* The Complaint further alleges that "[t]hey also returned the letters from both Kim and Kristen." *Id.* Although Kim was Plaintiff's co-defendant, Kristen was not. *Id.* Multiple letters from each person were returned or denied. *Id.* Because of Plaintiff's inability to correspond with Kim and Kristen, bills in Plaintiff's name could not be paid. *Id.* Plaintiff's "vehicle was left on the highway and has been towed and damaged." *Id.* Plaintiff alleges that he has suffered mentally and emotionally. *Id.*

The Complaint seeks damages and an injunction ordering that KCCC allow Plaintiff to correspond with Kim and Kristen and that Plaintiff serve the remainder of his sentence at Federal Detention Center Honolulu. *Id.* at 6.

On April 3 and June 1, 2017, Plaintiff filed Notices of Change of Address, indicating that he is no longer incarcerated at KCCC. ECF Nos. 13, 20.

On July 18, 2017, Defendants filed the instant Motion for Judgment on the Pleadings. ECF No. 22. Plaintiff filed an Opposition on August 28, 2017,

ECF No. 25, and Defendants filed a Reply on September 5, 2017, ECF No. 26. A hearing was held on September 18, 2017.

### III. <u>STANDARD OF REVIEW</u>

A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). Because the issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b)(6) motion -- whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief -- the same standard applies to both. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & 1054 n.4 (9th Cir. 2011); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of filing but are otherwise "functionally identical," and applying the same standard of review).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In considering a Rule 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The court, however, "need

4

not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

A motion for judgment on the pleadings is properly granted when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *See Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). Judgment on the pleadings is not appropriate if the court considers matters outside of the pleadings; in such cases, the motion must be converted to a Rule 56 motion for summary judgment, and the non-moving party must be granted an opportunity to respond. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Rule 12(c) does not expressly address partial judgment on the pleadings, leave to amend, or dismissal. But courts commonly "apply Rule 12(c) to individual causes of action," *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citation omitted), and have discretion to grant a Rule 12(c) motion with leave to amend, or dismiss the action instead of entering judgment. *See Goens v. Adams & Assocs., Inc.*, 2017 WL 3981429, at *2 (E.D. Cal. Sept. 11, 2017) (citing *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) and *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## IV. **DISCUSSION**

Defendants contend that (1) Plaintiff's claims for injunctive relief are moot because Plaintiff is no longer incarcerated at KCCC; (2) the Eleventh

6

Amendment to the United States Constitution bars Plaintiff's official-capacity claims; and (3) because the Complaint fails to allege Defendants' personal participation, the individual-capacity claims fail. Defs.' Mem. at 1-2, ECF No. 22-1. The court addresses these issues in turn.

**A. Claims for Injunctive Relief**

Plaintiff argues that his claims for injuctive relief are not moot because he must return to KCCC to complete the remainder of his sentence whether he completes his drug-treatement program or not. Pl.'s Opp'n at 2. The court disagrees.

Claims for injunctive relief generally become moot when a prisoner is transferred or released from incarceration. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (stating that a prisoner's claims for injunctive relief generally become moot upon transfer); *Holt v. Stockman*, 2012 WL 259938, at *6 (E.D. Cal. Jan. 25, 2012) ("[A] prisoner's claim is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him.") (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)).

Excepted from this mootness doctrine are claims that are "capable of repetition, yet evading review." *Spencer v. Kimura*, 532 U.S. 1, 17 (1998); *United States v. Sanchez-Gomez*, 859 F.3d 649, 669 (9th Cir. 2017). This exception "is limited to extraordinary cases in which (1) the duration of the challenged action is

7

too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (internal quotation marks and alteration omitted). A merely speculative possibility that a plaintiff would be subject to the same action in the future is not sufficient to establish a "reasonable expectation." *Foster v. Carson*, 347 F.3d 742, 748 (9th Cir. 2003) ("The mere fact that a similar order . . . *might* someday issue does not establish a 'reasonable expectation' that such an order *will* issue. We have held that a mere possibility that something *might* happen is too remote to keep alive a case as an active controversy."). And the Ninth Circuit has refused to find a reasonable expectation where the possibility of recurrence depends on a plaintiff's wrongdoing. *See Reimers v. Oregon*, 863 F.2d 630, 632 & n.4 (9th Cir. 1988) (holding that plaintiff, who had been released from prison, had no reasonable expectation of returning to custody because such a return would occur only if he committed an additional wrongful act, which he was able to prevent from occurring).

Here, neither the Complaint nor the state-court record include facts sufficient to establish a reasonable expectation that Plaintiff will again be incarcerated at KCCC and denied the ability to correspond with Kim and Kristen.

The Complaint does not allege any facts addressing this issue, and the state-court record indicates that Plaintiff's return to KCCC is purely speculative. According to the state-court record, Plaintiff must return to KCCC to complete his sentence (1) *if* he fails to complete his drug-treatment program, or (2) upon completion of his drug-treatment program, *unless* his attorney "petitions the court to modify probation to excuse the remaining jail time." *See* "eCourt Kokua," http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface. Under both of these scenarios, whether Plaintiff must return to KCCC to complete the remainder of his sentence depends upon circumstances that are at least in part within Plaintiff's and/or his counsel's control.

During the hearing, Plaintiff admitted that if he successfully completes his drug-treatment program, he most likely won't have to go back to prison. In short, Plaintiff's claim that he would be subject to the same restrictions on his personal correspondence at KCCC is purely speculative. Thus, the court finds that the exception for conditions capable of repetition, yet evading review does not apply, and Plaintiff's claims for injunctive relief are DISMISSED without leave to amend.

B.  **Official-Capacity Claims**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official

9

capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (*quoting Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Ex parte Young*, 209 U.S. 123 (1908).

To the extent Plaintiff seeks damages against Defendants in their official capacities, Defendants are immune from suit under the Eleventh Amendment. And because Plaintiff is no longer incarcerated at KCCC, there is no "ongoing violation of federal law" to be enjoined. That is, Defendants are not currently violating Plaintiff's alleged constitutional right to correspondence or retaliating against Plaintiff. Thus, the *Ex parte Young* exception, subjecting defendants acting in their official capacities to suit for § 1983 claims for prospective injunctive relief, does not apply. Plaintiff's claims against Defendants in their official capacities are DISMISSED with prejudice.

## C. Individual-Capacity Claims

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, plaintiffs must allege specific injury as a result of the conduct of a particular defendant, and they must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel may not be held liable under § 1983 for the actions of subordinate employees based on a theory of respondeat superior or vicarious liability. *Iqbal*, 566 U.S. at 676; *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915-16 (9th

11

Cir. 2012) (en banc). That is, an individual cannot be held liable under § 1983 based only on a position as a warden or supervisory correctional officer of a penal institution. *See Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement").

Under § 1983, a "supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal citation and quotation marks omitted). Supervisors may therefore be liable without personal participation if they "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Id.* (citation and internal quotation marks omitted). The causal connection between that supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Supervisors may be held liable under § 1983:

(1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by

subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009) (quoting *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991), *overruled on other grounds by Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)).

Here, the Complaint alleges only that "KCCC," the "facility," or "they" refused to send, or returned, correspondence between Plaintiff and Kim and/or Kristen. The Complaint fails to allege any specific conduct or personal involvement by either Defendant. Nor does the Complaint allege a causal connection between either Defendant and the alleged violation of Plaintiff's constitutional rights. That is, the Complaint fails to allege that either Defendant created or implemented a policy causing Plaintiff's correspondence with Kim and/or Kristen to be blocked, knew that Plaintiff's correspondence would be blocked, or had specific information that Plaintiff's correspondence might be blocked and failed to remedy the issue.[2]

In his Opposition, Plaintiff argues that the word "facility" refers to "the workers and policies" at KCCC. Pl.'s Opp'n at 2. Plaintiff further argues that

---

[2] Because the Complaint failed to allege Defendants' personal involvement or causal connection, the court need not determine whether denying Plaintiff's correspondence with Kim, a co-defendant, and/or Kristen violated his limited right under the First Amendment to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (recognizing that a prisoner's First Amendment right to send and receive mail is attenuated by the prison's competing right to adopt regulations and policies "reasonably related to legitimate penological interests") (citations omitted).

because Defendants are "the only two personnel at the facility with the authority to authorize or restrict an inmate[']s incoming and outgoing mail," Defendants "were personally aware of and involved in the violation." *Id.* Plaintiff's arguments do not cure the Complaint's deficiencies. And for purposes of the instant Motion, the court may consider only those allegations contained in the Complaint and documents of which it may take judicial notice. Thus, the court finds that the Complaint fails to state § 1983 claims against Defendants in their individual capacities and therefore those claims are DISMISSED with leave to amend.

**D.     Leave to Amend**

Because Plaintiff may be able to allege facts sufficient to state a § 1983 claim against Defendants in their individual capacities, the court grants Plaintiff leave to amend his Complaint by October 20, 2017. Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii if he amends his pleading. And the amended complaint must be designated as a "First Amended Complaint."

If Plaintiff chooses to file a First Amended Complaint, he must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right he believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right or statute;

14

(4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of a particular statute or Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.

An amended complaint generally supersedes prior complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The court will not refer to the original complaint or a prior amended complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named in the caption, and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled."). And Plaintiff may include only one claim per count.

## V. CONCLUSION

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings is GRANTED, and Plaintiff's Complaint is DISMISSED. Plaintiff's claims against Defendants in their official capacities and for injunctive relief are

15

DISMISSED without leave to amend, and his claims against Defendants in their individual capacities are DISMISSED with leave to amend. Plaintiff may file a First Amended Complaint, as set forth above, by October 20, 2017. Failure to timely file a First Amended Complaint will result in dismissal of this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Isom v. Wagatsuma, et al.*, Civ. No. 16-00532 JMS-KJM, Order Granting Defendants' Motion for Judgment on the Pleadings and Dismissing the Complaint with Leave to Amend